Souser et al. *v.* Cunningham.

*Per Curiam.*—The judgment below is affirmed, with 10 per cent. damages and costs.

*John Yaryan,* for the appellant.

*H. B. Payne,* for the appellees.

--------◦◦◦--------

SOUSER *et al. v.* CUNNINGHAM.

PRACTICE IN SUPREME COURT.—A judgment below will not be reversed by this Court where the record shows that the appellant has not been injured by the alleged error.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—This was a suit by *John Cunningham* against *Jacob Souser* and *Frederick Kalburn,* based upon two joint and several promissory notes made by the defendants to the plaintiff.

*Souser* made no answer to the complaint.

*Kalburn* answered, making his answer a cross-complaint against *Souser,* and alleging that the consideration of the notes was the conveyance to *Souser* by *Cunningham* of certain lots of ground situate in *Americus, Tippecanoe* county, *Indiana;* that *Souser* was thus the real debtor, and he, *Kalburn,* but surety in the notes sued on; that *Souser* was insolvent, but that he was then "the owner of and in possession and use of said lots under said conveyance," and he prayed that the Court, in rendering judgment in the case, would specially order that, after the other property of *Souser,* if he had any,

Souser et al. *v.* Cunningham.

should be sold, the said lots, also, should be sold to pay the plaintiff's judgment, when rendered, on the notes in suit, before the property of said surety should be taken, on the ground that they were for the purchase-money of said lots, and a lien upon the same, in favor of the surety, *Kalburn*.

*Souser*, *Kalburn's* co-defendant, demurred. The Court sustained the demurrer to the paragraph, it constituting the entire answer of the defendant, *Kalburn*. *Kalburn* excepted to the ruling of the Court, and then obtained leave to answer further. He then answered as follows:

He admitted the making of the notes; averred that *Souser* was principal and he but surety, asked that the question of suretyship should be tried, and judgment entered that the property of the principal be first exhausted, &c. The cause was then submitted to the Court. The Court found for the plaintiff generally on the notes, as a matter of course, because they were admitted by both defendants. The Court found further that *Kalburn* was surety, and ordered that the property of *Souser*, subject to execution, should be first exhausted, &c. The evidence is not in the record.

There was no motion for a new trial, and there is no bill of exceptions in the record. It is claimed that the Court erred in sustaining the demurrer of *Souser* to the first answer of the defendant, *Kalburn*. It will be observed that the only question in the cause is between the two defendants.

Now, passing by the question as to whether the rule that, where a defendant, instead of standing upon his pleading when a demurrer has been sustained to it, answers over, and thereby waives the error, applies in this case; we may inquire whether, supposing the first answer good and the Court in error in holding it bad, it appears by the record that *Kalburn*, the appellant, has sustained injury from the ruling; for if it does not, but rather the contrary, then no reason is shown for reversing the judgment in the cause.

Souser et al. *v.* Cunningham.

By the judgment as rendered, *Kalburn* is protected from liability on the judgment against him and *Souser*, till *Souser's* property, subject to sale for the making of the judgment, is exhausted; and there is nothing in the record showing that the lots for which the notes were given are not a part of his property liable to be thus sold; but, on the contrary, the presumption from the record is that they are a part of such property.

It is shown that the fee of the lots is in *Souser;* that he is in possession of them, and that they are subject to the lien of the judgment.

It is not shown that *Souser* is a person entitled to claim any property as exempt from execution; and it is not shown that any third person had acquired a lien upon the lots; hence, for aught that appears, they are subject to sale on the judgment in this suit, as *Souser's* property, before *Kalburn* can be disturbed.

The question which the appellant desires us to decide is, conceding that *Cunningham*, the seller of the lots, waived his vendor's lien upon the lots by taking security upon the notes for the purchase-money, does it not exist, upon equitable principles, in favor of the surety, so that he may compel the plaintiff to sell upon it against the principal before looking to the surety? Now, as we have said, it does not appear that the decision of this question is material, because it is just as well for the surety that the lots be sold on the judgment lien of *Cunningham*, the seller of the lots and the plaintiff in the suit, as upon the lien of a vendor; if, upon any principle, such lien exist in favor of the surety. See, as to this point, however, *Cox* v. *Ward*, 20 Ind. p. 54.

*Per Curiam.*—The judgment below is affirmed, with costs and 1 per cent. damages.

*H. W. Chase* and *J. A. Wilstach* for the appellants.

*Daniel Mace,* for the appellee.